United States District Court
Southern District of Texas
**ENTERED**
August 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3:97-CR-5 |
| | § | |
| SEAN DEQUINCE BROWN | § | |

## ORDER

In 1999, defendant Sean Dequince Brown was sentenced to a little more than 132 years' imprisonment for his involvement in a string of bank robberies. Five counts of his fourteen-count indictment consist of charges under 18 U.S.C. § 924(c), which provides mandatory minimums for using a firearm during a crime of violence. These counts make up 105 years of Brown's sentence.

Brown now moves to reduce his sentence under 18 U.S.C. § 3582(c). He specifically requests that either the government consent to vacate all five of his § 924(c) counts or that the court do so. Dkt. 160. The government has refused (*see* Dkt. 161 at 1), so the court construes his motion as one asserting that the First Step Act's amendment to § 924(c) constitutes an "extraordinary and compelling" reason warranting a sentence reduction.

To begin, the government dedicates most of its briefing to arguing that district courts have no power to determine whether a defendant has proffered

1

"extraordinary and compelling reasons" under § 3582(c) outside the Sentencing Commission's policy statements. *See* Dkt. 161 at 4–11. The Fifth Circuit, however, has since concluded otherwise. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Under *Shkambi*, district courts are not bound by the Sentencing Commission's policy statements or commentary to § 3582(c). *Id.* They are instead "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id.*

Thus, the only remaining question for the court is whether another amendment brought by the First Step Act—its "clarification" of § 924(c) that a "second or subsequent conviction" is one that is truly "final"—constitutes an extraordinary and compelling reason warranting a reduction of Brown's sentence. *See* Pub. L. No. 115-391, 132 Stat. 5222, § 403(a) (striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection becomes final"). Brown answers it is, pointing out that "absent [his] 924(c) counts" under the previous sentencing regime, he "would have a remaining sentence of 32 years." Dkt. 160 at 2. More to the point, were Brown sentenced today under the now amended § 924(c), he would face 25 years for his § 924(c) counts rather than the 105 years he originally received.

Construing Brown's motion generously as making this assertion,[1] the court rejects it. Though Congress did indeed change the regime under which Brown was partially sentenced, it chose not to make this change retroactive. *See* Pub. L. No. 115-391, 132 Stat. 5222, § 403(b). The court thus cannot use its discretion under § 3582 to end-run Congress's deliberate choice and "effect a sentencing reduction at odds" with it. *United States v. Thacker*, 4 F.4th. 569, 574 (7th Cir. 2021); *see also United States v. Jarvis*, 999 F.3d 442, 443–44 (6th Cir. 2021); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). The deliberateness of this choice is underscored by Congress's decision to make other sentencing changes brought by the First Step Act retroactive. *See* Pub. L. No. 115-391, 132 Stat. 5222, § 404(b) (making retroactive changes made to the mandatory minimums for possession of crack cocaine).

To be sure, some courts have reached the opposite conclusion. *See, e.g.*, *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2021); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021). To these courts, the fact that Congress did not make the § 924(c) amendment retroactive merely means that it is not *categorically* retroactive. *See McGee*, 992 F.3d at 1046. According to this view, district courts may consider compassionate-release motions more holistically, considering a defendant's stacked

---

[1] The only authority Brown relies on in his motion is *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). But because the government does not consent to vacating Brown's § 924(c) counts, that case has little relevance here.

sentence as a factor (among others) in determining whether compassionate release is warranted. *See id.* at 1048.

The court finds this approach unpersuasive. Simply factor-izing a non-retroactive amendment and allowing it to seep into the compassionate-release calculation appears to only water down the separation-of-powers issue. At bottom, "there is nothing 'extraordinary' about leaving untouched the exact penalties Congress prescribed and a district court imposed for particular violations." *Thacker*, 4 F.4th. at 574.

For these reasons, Brown's motion for compassionate release (Dkt. 160) is denied.

Signed on Galveston Island on this 26th day of August, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE