UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:97-cr-5-1 |
| | § | |
| SEAN DEQUINCE BROWN, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the court are Sean Dequince Brown's amended motion for reduction of sentence under 18 U.S.C. § 3582 and his motion requesting time served. Dkts. 177, 178. The court will deny the motions.

In 1999, Brown was sentenced to an over-132-year term of imprisonment for his involvement in a string of armed bank robberies. Dkt. 107. Six counts of his fourteen-count indictment consist of charges under 18 U.S.C. § 924(c), which provides mandatory minimum sentences for using firearms during crimes of violence. *Id.* Together, the sentences for these counts account for 105 years of Brown's sentence. *Id.*

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may, in certain circumstances, reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." While the statute does

not define "extraordinary and compelling" or list reasons that rise to that level, Congress has empowered the U.S. Sentencing Commission, a judicial-branch agency, to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t).

In 2019, Brown moved the court for a sentence reduction under § 3582(c). Dkt. 160. The court denied the motion, "constru[ing it] as one asserting that the First Step Act's amendment to § 924(c) constitutes an 'extraordinary and compelling' reason warranting a sentence reduction. Dkt. 169 at 1. The court noted that, "were Brown sentenced today under the now[-]amended § 924(c), he would face 25 years for his § 924(c) counts rather than the 105 years he originally received." *Id.* at 2. The court cited *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021), for the proposition that "district courts are not bound by the Sentencing Commission's policy statements or commentary to § 3582(c)." *Id.*

The court then turned to the question of whether the First Step Act's "'clarification' of § 924(c) that a 'second or subsequent conviction' is one that is truly 'final' . . . constitutes an extraordinary and compelling reason warranting a reduction of Brown's sentence." *Id.* The court answered the question in the negative, noting that Congress deliberately chose not to make retroactive its change of the regime under which Brown was partially

sentenced. *Id.* at 3. The court reasoned that it "cannot use its discretion under § 3582 to end-run Congress's deliberate choice and 'effect a sentencing reduction at odds' with it." *Id.* (quoting *United States v. Thacker*, 4 F.4th. 569, 574 (7th Cir. 2021)).

The court sided with the Seventh Circuit, concluding that, "[a]t bottom, 'there is nothing "extraordinary" about leaving untouched the exact penalties Congress prescribed and a district court imposed for particular violations.'" *Id.* at 4 (same). After the court denied Brown's first motion for a sentence reduction, the Fifth Circuit in an unpublished opinion also sided with the Seventh Circuit, stating that "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam). The panel also stated that it could "not usurp the legislative prerogative and use 18 U.S.C. § 3582(c)(1) to create retroactivity that Congress did not." *Id.*

The same issue has again arisen in this case. In August 2022, just one year after this court denied his motion for a sentence reduction under § 3582(c), Brown filed another such motion, stating that "with discipline and age come[] wisdom." Dkt. 170. Then, in June 2023, Brown moved the court

to delay consideration of his motion until anticipated Sentencing Commission amendments came into effect. Dkt. 175. The court granted his motion. Dkt. 176. On November 1, 2023, the Sentencing Commission amended its policy statement on § 3582(c), U.S.S.G. § 1B1.13(b), which provides guidance on the types of circumstance that create "extraordinary and compelling" reasons for sentence reduction under § 3582(c)(1)(A). With its amendment, the Commission added a new circumstance that "may be considered" by courts: "an unusually long sentence." The full text of the addition states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) *may be considered* in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added).

Capitalizing on the November 2023 promulgation of U.S.S.G. § 1B1.13(b)(6), Brown has amended his August 2022 motion. Dkt. 177. The government opposes Brown's amended motion, arguing, among other things, that "the Commission's interpretation of Section 3582(c)(1)(A) as

empowering district courts to apply nonretroactive changes in law to particular defendants is in serious tension with basic separation-of-powers principles." Dkt. 180 at 6-9.

The Commission's discretion-conferring amendment notwithstanding, the court again declines to "use its discretion . . . to end-run Congress's deliberate choice" to not give retroactive effect to its First Step Act changes to sentencing under § 924(c). Dkt. 169 at 3. In the amendment itself, the Commission displays a similar reluctance to grant retroactive effect to non-retroactive changes in sentencing law—but, interestingly, its reluctance only extends so far. The amendment declares that "a change in the law (*other than an amendment to the Guidelines Manual that has not been made retroactive*) may be considered in determining whether the defendant presents an extraordinary and compelling reason." U.S.S.G. § 1B1.13(b)(6) (emphasis added). As the government points out, "the Commission declined to afford the same respect to Congress's retroactivity determinations." Dkt. 180 at 8. In large part because the court agrees with *McMaryion* that "non-retroactive changes in criminal law . . . are neither extraordinary nor compelling," 2023 WL 4118015, at *2, the court will not avail itself of the Commission's permission to "consider[]" such changes "in

determining whether [Brown] presents an extraordinary and compelling reason" for a reduction of his sentence, U.S.S.G. § 1B1.13(b)(6).

For the reasons stated above, the court denies Brown's amended motion. Dkt. 177. The court therefore also denies his original motion and his request for time served. Dkts. 170, 178.

Signed on Galveston Island this 6th day of February, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE